JEFFREY A. TOPOR (CA SBN 195545) (*pro hac vice*)
jtopor@snllp.com
LIANA MAYILYAN (CA SBN 295203) (*pro hac vice*)
lmayilyan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625

Attorneys for Defendant
BillFloat, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Keesha Tribett,<br><br>           Plaintiffs,<br><br>v.<br><br>BillFloat, Inc.,<br><br>           Defendant. | Case No.: 2:17-cv-01598-JJT<br><br>**DECLARATION OF ALAN CRYSTAL IN SUPPORT OF DEFENDANT BILLFLOAT, INC.'S MOTION TO COMPEL ARBITRATION**<br><br>ORAL ARGUMENT REQUESTED<br><br>Assigned To The Honorable John J. Tuchi |

I, Alan Crystal, declare as follows:

1. I am authorized to make this declaration on behalf of defendant BillFloat, Inc. ("BillFloat"). I am currently employed as the Vice President, Finance for BillFloat. I have been employed in this position since 2012. In this capacity, I am responsible for, among other things, researching and analyzing customer complaints, assisting with customer complaints, assisting the legal department and outside counsel in researching and analyzing account histories and activity, as well as gathering account documents and information to assist in responding to pending litigation concerning BillFloat. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2. Since on or about September 2015, BillFloat's business model focuses on helping small business owners apply for SBA loans.

3. Before on or about September 2015, BillFloat was a lessor in lease-purchase agreements for cellular phones. Lessees in BillFloat's lease-purchase agreements applied for and executed lease-purchase agreements for cellular phones via the BillFloat web portal, either independently or at retail locations.

4. By virtue of my position and experience, I have personal knowledge of the policies and practices that BillFloat followed in creating and maintaining customer account information and documents for lease-purchase agreements.

5. BillFloat maintains customer account information and account documents in a largely paperless environment. Pursuant to BillFloat's processes and procedures, an electronic file is created for each lease-purchase agreement account, and all documents regarding the account are linked to that specific electronic file.

6. BillFloat maintains customer account information, such as the lease-purchase agreements themselves, payment histories, and the applicable terms of use and terms and conditions of an account, in various computer systems.

7. BillFloat notates the history of servicing activities performed on each account in its systems through systemic updates (*i.e.*, computer-generated), through

updates by the customer through the BillFloat customer dashboard, or through updates by a live agent.  All BillFloat account documents are secured electronically, including via password protection and limited internal access.

8. I make this declaration based upon my personal knowledge and my review of BillFloat's business records, which were made by or from information transmitted by a person with knowledge of the events described therein, at or near the time of the event described, and which are or were kept in the ordinary course of the regularly conducted business activities of such person and BillFloat, and for which it is the regular practice of that business activity to make such records.

9. MetroPCS, located at 10641 N. 43rd Avenue, Phoenix, Arizona 85029 is or was a retail location at which lessees could apply for and execute lease-purchase agreements for cellular phones.

10. On October 17, 2014, Plaintiff Keesha Tribett ("Tribett") completed a "Consent To Electronic Disclosures: Lease-Purchase Agreement" ("Lease-Purchase Agreement") to obtain a cellular telephone while visiting the MetroPCS location described above.

11. I have researched the lease-purchase account for Tribett.  My research included reviewing the application, terms of use, Lease-Purchase Agreement, telephone contact log, notices, billing statements, electronic account servicing notes, and collection notes.  Based on my review of these documents and records for the account, and my familiarity and experience with the practices and procedures of BillFloat, I am readily familiar with the lease-purchase account for Tribett, including its formation and history.

12. The information contained on Tribett's electronic application was submitted directly to BillFloat via its website application interface.

13. Use of BillFloat's web portal is governed by certain Website Terms of Use Agreement ("Terms of Use"), to which Tribett agreed as a condition to her use of the website.

14. A true and correct copy of the Terms of Use in effect at the time Tribett opened the Account is attached hereto as **Exhibit A**.

15. In addition, Tribett was required to, and did, review and electronically execute the Lease-Purchase Agreement by checking a "sign here" box after reviewing and accepting terms of use and the Agreement's Terms and Conditions.

16. The date reflected on the application is October 17, 2014, which is consistent with the records for Tribett's account.

17. A copy of Tribett's completed application, and acceptance thereof, is stored on BillFloat's document imaging system as part of her electronic file.

18. A true and correct copy of Tribett's completed Lease-Purchase Agreement is attached hereto as **Exhibit B**.

19. Paragraph 21 of the Lease-Purchase Agreement consists of an arbitration clause. See **Exhibit B** at ¶ 21.

20. The Lease-Purchase Agreement arbitration clause contains a 10-day opt out provision, but Tribett did not opt out of the arbitration provision at any time. See *id.*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4 day of August, 2017, at San Francisco, California.

Alan Crystal